Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 252 | DATE | 1/15/2003 |
| CASE TITLE | Jerome Bressertt vs. David Gerszewski | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. Plaintiff's counsel is ordered to file in this Court's chambers, on or before January 27, 2003, an amendment to the Complaint limited to amending complaint ¶¶3 through 7 appropriately. If no appropriate amendment were to be timely filed, this Court will be constrained to dismiss this action for lack of subject matter jurisdiction.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | number of notices | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JAN 16 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 2 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 1/15/2003 | |
| | | 03 JAN 15 PM 4:08 | date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JEROME E. BRESSERT, et al.,        )
                                    )
            Plaintiffs,             )
                                    )
    v.                              )    No.  03 C 252
                                    )
DAVID J. GERSZEWSKI,                )
                                    )
            Defendant.              )

DOCKETED
JAN 1 6 2003

MEMORANDUM ORDER

Jerome Bressert, Jason Carter, Leon Bressert and Travis Cochran have just filed suit against David Gerszewski ("Gerszewski"), invoking federal subject matter jurisdiction on diversity of citizenship grounds. This memorandum order is issued sua sponte to require plaintiffs' counsel to cure the flawed jurisdictional allegations in the Complaint.

Although this action is framed in terms of seeking both arbitration under the Federal Arbitration Act (9 U.S.C. §4) and a declaratory judgment pursuant to 28 U.S.C. §2201,[1] plaintiffs' knowledgeable counsel recognizes that the invocation of those federal statutes does not implicate a federal question such as to bring Section 1331 jurisdiction into play. But when counsel looks properly to Section 1332 instead, he mistakenly identifies the place of <u>residence</u> rather than the state of <u>citizenship</u> of each plaintiff (see Complaint ¶¶3 through 6), while Gerszewski's

---

[1] All further references to Title 28's provisions will simply take the form "Section--."



London, England <u>residence</u> is spoken of without identifying him either as a citizen of a state (Section 1332(a)(1)) or as a citizen or subject of a foreign state (Section 1332(a)(2)). As taught by <u>Held v. Held</u>, 137 F.3d 998, 1000 (7th Cir. 1998), quoting <u>Guaranty Nat'l Title Co. v. J.E.G. Assocs.</u>, 101 F.3d 57, 59 (7th Cir. 1996):

> Of course, allegations of residence are insufficient to establish diversity jurisdiction. It is well-settled that "[w]hen the parties allege residence but not citizenship, the court must dismiss the suit."

But this Court sees no point in sticking plaintiffs with the cost of another $150 filing fee if, as would seem to be the case, the defects identified here are readily curable.

Accordingly plaintiffs' counsel is ordered to file in this Court's chambers, on or before January 27, 2003, an amendment to the Complaint limited to amending Complaint ¶¶3 through 7 appropriately. To keep Gerszewski fully informed, counsel is also ordered to send copies of this memorandum order and of the amendment to his counsel if known or, if not known, to Gerszewski himself. If no appropriate amendment were to be timely filed, this Court will be constrained to dismiss this action for lack of subject matter jurisdiction.

_____
Milton I. Shadur
Senior United States District Judge

Date: January 15, 2003

2