FILED

**In The United States District Court
For The Northern District Of Illinois
Eastern Division**

JAN 2 7 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| JEROME E. BRESSERT | ) | |
| JASON CARTER, | ) | |
| LEON BRESSERT and | ) | Civil Action No. 03 C 252 |
| TRAVIS W. COCHRAN | ) | |
| | ) | Hon. Milton I. Shadur |
| Plaintiffs, | ) | Senior U.S. District Judge |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID J. GERSZEWSKI | ) | |
| | ) | |
| Defendant | ) | |

**NOTICE OF FILING**

To: Richard T. Sikes, Jr. Esq.
Catherine A. Miller, Esq.
Freeborn & Peters
311 South Wacker Drive
Suite 3000
Chicago, IL 60606-6677

**PLEASE TAKE NOTICE** that on January 27, 2003, the undersigned filed with the Clerk of the U.S. District Court for the Northern District of Illinois, Eastern Division, 219 South Dearborn Street, Chicago, Illinois, the **PLAINTIFFS' FIRST AMENDED COMPLAINT**, a copy of which attached hereto and hereby served upon you.

1

Dated: January 27, 2003        Respectfully Submitted,

One of the Attorneys for the Plaintiffs Jerome E.
Bressert et al.

OF COUNSEL:

James A. McGurk, Esq.
Law Offices of James A. McGurk
Suite 411
140 South Dearborn Street
Chicago, Illinois 60603

(312) 236-8900
Fax (312) 782-0936

2

## CERTIFICATE OF SERVICE

I, James A. McGurk, an attorney, certify that on Monday, January 27, 2003, I caused a copy of the foregoing to be served upon the following individuals:

**Via Fax (312) 360-6596**
**and First Class Mail**

Richard T. Sikes, Jr. Esq.
Catherine A. Miller, Esq.
Freeborn & Peters
311 South Wacker Drive
Suite 3000
Chicago, Illinois 60606-6677

James A. McGurk

In The United States District Court
For The Northern District Of Illinois
Eastern Division

# FILED

JEROME E. BRESSERT )
JASON CARTER, )
LEON BRESSERT and )
TRAVIS W. COCHRAN )
)
Plaintiffs, )
)
)
v. )
)
DAVID J. GERSZEWSKI )
)
Defendant )

JAN 2 7 2003

MICHAEL W. DOBBINS
Civil Action No. 03 C 252
CLERK, U.S. DISTRICT COURT

Hon. Milton I. Shadur
Senior U.S. District Judge

## FIRST AMENDED COMPLAINT

Come Now Plaintiffs, Jerome Bressert ("**J.Bressert**"), Leon Bressert

("**L.Bressert**"), Jason Carter ("**J.Carter**"), and Travis Cochran ("**T.Cochran**") by and

through their attorney, James A. McGurk, and for their Complaint against Defendant David

J. Gerszewski, ("**Gerszewski**"), state as follows:

INTRODUCTION

1.     This claim is before the U.S. District Court pursuant its diversity jurisdiction

and the Federal Arbitration Act, 9 U.S.C. § 1 et seq.  This claim alleges that all parties are

Associates of the National Futures Association ("**NFA**") and required by the provisions of

the National Futures Association Code of Arbitration to arbitrate disputes between members. Complete diversity exists between the Plaintiffs and the Defendant and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

2.      The Complaint seeks a Declaratory Judgment pursuant to 28 U.S.C. § 2201, that the Defendant is required to arbitrate his dispute with the Plaintiffs pursuant to the NFA Code of Arbitration.

## PARTIES

3.      J.Bressert is an Illinois resident and citizen who is registered pursuant to the Commodity Exchange Act, 7 U.S.C.§ 1 et seq., and is registered with the National Futures Association as an Associated Person of an Introducing Broker.

4.      L. Bressert is an Illinois resident and citizen and is registered as an Associated Person pursuant to the Commodity Exchange Act, 7 U.S.C.§ 1 et seq., and is registered with the National Futures Association as an Associated Person of an Introducing Broker.

5.      J. Carter is an Illinois resident and citizen and is registered as an Associated Person pursuant to the Commodity Exchange Act, 7 U.S.C.§ 2 et seq., and is registered with the National Futures Association as an Associated Person of an Introducing Broker.

6.      T.Cochran is an Illinois resident and citizen and is registered as an Associated Person pursuant to the Commodity Exchange Act, 7 U.S.C.§ 1 et seq., and is registered with the National Futures Association as an Associated Person of an Introducing Broker.

7.      Defendant David J. Gerszewski ("**Gerszewski**") is registered with the National Futures Association as an Associated Person. Gerszewski is a resident of London, England, United Kingdom and holds dual citizenship. Gerszewski is a citizen of the United Kingdom and is also a citizen of the United States. Gerszewski has no residence in Illinois and is not a citizen of Illinois. On information and belief, Gerszewski is a citizen of the state of Arizona.

### Jurisdiction

8.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332in that it alleges a cause of action arising between parties of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs. This action is filed to enforce an arbitration agreement pursuant to the Federal Arbitration Act, 9 U.S.C. § 4.

9.      This Court has jurisdiction under 28 U.S.C. § 1367 pursuant to supplemental jurisdiction.

10.     This Court has personal jurisdiction over the Defendant pursuant to F.R.Civ.P. 4 (k)(2) because the Defendant has sufficient contacts with the United States as a whole but not with any particular state.

### Venue

11.     Venue is appropriate in this District pursuant to 28 U.S.C. § 1391 (b)(2) in that a substantial part of the events giving rise to the claim occurred in this district.

### Facts Giving Rise to Cause of Action

12.     J.Bressert, L.Bressert, J.Carter, and T. Cochran are all associated persons with the National Future Association and were all associated with an IB known as Online Trading Select Corp.("**OTSelect**")

13.     The Bylaws of the NFA specifically provide:

¶ *4029.6(f) Application.*

(I)     *All applications to become a Member or to register as an Associate shall be in writing, on forms prescribed by the Membership Committee, signed by the applicant . . . .*

*The execution and delivery of the application shall constitute . . . (B) an express agreement by the applicant that, if admitted to NFA membership or registered as an Associate, the applicant shall become and remain bound by all NFA requirements as are then and thereafter in effect.*

14.     NFA Registration Rule 206(a)(1), ¶ 8206, requires that "*application for registration as an AP of a sponsor must be on a Form 8-R, completed and filed with NFA in accordance with instructions thereto.*"   Form 8-R states that "*execution and delivery of this application shall constitute . . . an express agreement by me that, if registered as an Associate, I shall become and remain bound by all NFA requirements as then and thereafter in effect.*"

15.     The Bylaws of the NFA further provide:

¶ 4221 Bylaw 801. Code of Arbitration.

*. . . the Board shall adopt rules constituting a Code of Arbitration which rules shall be deemed a part of these Bylaws.*

16.     The NFA Code of Arbitration provides:

*¶ 6011.1(a) "Associate" - means a person who is registered with NFA as an Associate or was so registered when the acts or transactions that are the subject of dispute occurred. (Under NFA Bylaws every person who is associated with a Member within the meaning of the term "associated person" as used in Section 4k of the Commodity Exchange Act, and who is required to be registered as such with the Commission, must register with NFA as an Associate.)*

17.     Section 2 of the NFA Member Arbitration Rules provides for mandatory arbitration of disputes between members and between members and associates. Section 2 specifically provides:

*¶6517 Section 2. Arbitrable Disputes.*

*¶ 6517.1(a) Claims between Members. Except as provided in Sections 4 and 5 of these Rules with respect to timeliness requirements, disputes between and among Members **shall** be arbitrated under these Rules . . .*

*¶ 6517.2 (b) Claims between Members and Associates. Except as provided in Sections 4 and 5 of these Rules with respect to*

> *timeliness requirements, disputes between Members and*
> *Associates and between Associates **shall** be arbitrated under*
> *these Rules, at the election of the person filing the claim . . . .*
> *Once a claim is filed, **arbitration is mandatory** for the Member*
> *or Associate the claim is against.* (Emphasis added)

18.   J. Bressert, L.Bressert, J. Carter and T.Cochran and D.J. Gerszewski have a dispute relating to the operation and ownership of a registered Introducing Broker.

19.    Gerszewski and the J. Bressert group executed a series of documents which provided for Gerszewski to loan $400,000 to an entity called OTS Holdings, LLC which was owned by the four Plaintiffs through their individual limited liability companies. Gerszewski was to pay an additional $260,000 in monthly installments of $20,000 per month for 13 months. OTS Holdings was the sole owner of a registered Introducing Broker, OTSolutions which received all the business of OTSelect Corp.

20    In exchange for the loan, Gerszewski acquired the right to receive a membership interest in OTS Holdings.

21.   Gerszewski has made demands for control not authorized by the loan agreements signed by the parites.

22.   The Plaintiffs have filed a demand for arbitration before the National Futures Association ("NFA"), a copy of which is attached hereto as Exhibit A.

24.    By reason of his membership in the NFA, Gerszewski is required to arbitrate this claim.

25.    By reason of the correspondence attached to the Statement of Claim of Plaintiffs, Gerszewki has threatened to initiate litigation to resolve this matter.

26.    The dispute between the parties is an actual controversy and this Court had jurisdiction of this matter pursuant to its diversity jurisdiction. This dispute is ripe for adjudication.

## COUNT I

### (Section 4 of the Federal Arbitration Act, 9 U.S.C. §4)

27.    The Plaintiffs are entitled to an order compelling arbitration of the dispute between the parties before the National Futures Association by reason of the rules of the NFA making this dispute the subject of mandatory arbitration pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4, and pursuant to the Court's diversity jurisdiction.

28.    The amount in controversy between the parties exceeds $75,000 exclusive of interest and costs and the parties are completely diverse in citizenship in that the Defendant is a resident of London, United Kingdom and does not have any residence in Illinois.

**WHEREFORE**, the Plaintiffs respectfully request that an order be entered in their favor and against the Defendant, compelling the Defendant to arbitrate the matter as set forth in the arbitration Statement of Claim attached as Exhibit A.

## COUNT II

### (Declaratory Judgment)

29.     The Plaintiff realleges Paragraphs 1 through 26, above and incorporates them herein.

30.     Pleading in the alternative, pursuant to this Court's diversity jurisdiction, pursuant to Section 1332 of Title 28, the Plaintiffs seek a declaration that the Defendants demands are without foundation and that the Plaintiffs have violated no agreements with Defendant in their operation of OTS Holdings, LLC or its subsidiaries.

**WHEREFORE**, the Plaintiff respectfully request that an order be entered in their favor and against the Defendant, finding no violation of any agreement between the parties.

DATED:     January 27, 2003                    **Respectfully submitted,**
                                               **Jerome Bressert**
                                               **Leon Bressert**
                                               **Jason Carter**
                                               **Travis Cochran**

                                               By:
                                               One of the attorneys for
                                               the Plaintiffs

Page 8 of 9

OF COUNSEL:
James A. McGurk, Esq.
Law Offices of James A. McGurk, P.C.
140 South Dearborn Street
Suite 411
Chicago, IL 60603-5256
(312) 236-8900
Fax (312) 782-0936

BressertGerszerwskiComplaint

# SEE CASE FILE FOR EXHIBITS